IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| METAL MANAGEMENT MIDWEST, INC., an Illinois Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>IOWA EXPRESS, INC., an Iowa Corporation,<br><br>    Defendant. | FILED: MARCH 21, 2008<br>08CV1676                 EDA<br>JUDGE MORAN<br>MAGISTRATE JUDGE VALDEZ<br><br>No. |

## COMPLAINT

NOW COMES Plaintiff, Metal Management Midwest, Inc., by and through its attorneys, LaRose & Bosco, Ltd., and in support of its Complaint hereby states:

### Jurisdictional Statement

1. Plaintiff, Metal Management Midwest, Inc. (hereinafter "Metal Management"), is an Illinois corporation, incorporated under the laws of the State of Illinois, with a principal place of business located at 2425 South Wood Street; Chicago, Illinois.

2. Defendant, Iowa Express, Inc. (hereinafter "Iowa Express"), is an Iowa corporation, incorporated under the laws of the State of Iowa, with a principal place of business located at 2812 78th Street; Urbandale, Iowa.

3. The matter in controversy in this lawsuit exceeds $75,000, excluding interest and costs.

4. There is complete diversity of citizenship between the parties.

5. Diversity Jurisdiction is proper under 28 USC § 1332.

6. In the alternative, the Plaintiff is bringing this lawsuit under 49 USC § 14706, commonly known as the Carmack Amendment. Under the Carmack Amendment, this court has Federal Question Jurisdiction over this matter under 28 USC § 1331.

7. In the alternative, this court has Subject Matter Jurisdiction over this matter pursuant to 28 USCA § 1337, as this action involves the liability of a motor carrier under 49 USCA § 14706 and the amount in controversy exceeds $10,000, exclusive of interest and costs.

### Venue

8. Venue is proper under 28 USC § 1391(b)(2) and (c) with regard to Defendant as Plaintiff's claim arises out of a disappearance of a load of copper which was physically located and picked up at 2425 South Wood Street; Chicago, Illinois. Additionally, venue is proper as Plaintiff's claim arises out of a loss suffered by Plaintiff that occurred in the Northern District of Illinois.

### Statement of Facts

9. Defendant, Iowa Express is a motor carrier engaged in interstate commerce, authorized by the Federal Motor Carrier Safety Administration (hereinafter "FMCSA") to transport property throughout the 48 continuous United States.

10. On or about April 24, 2007, Defendant Iowa Express was to transport multiple shipments on behalf of the Plaintiff.

11. One of the shipments to be delivered by Iowa Express was a mixed load of copper with a shipment weight of 43,920 lbs, which was to be delivered to Warrenton

Copper, in Warrenton, Missouri on April 25, 2007 and which had a total purchase price and value of $130,456.94 (Please see Exhibit A, "Invoice").

12. This shipment was referenced as Shipment Number TIAUZ3 on the relevant Bill of Lading, between "MTML" (Metal Management) and Iowa Express, which was signed by agents of both Iowa Express and Metal Management (Please see Exhibit B, "Straight Bill of Lading – Short Form – Original).

14. This shipment was tendered to Defendant Iowa Express in good order and condition.

15. Defendant Iowa Express failed to deliver the shipment at issue, in breach of the contract in carriage for the shipment.

16. As a result of the Defendant Iowa Express' breach of the carriage contract, Plaintiff sustained actual damages in the amount of $130,456.94. Defendant Iowa Express is liable to Plaintiff for its full actual damages as a motor carrier under 49 USCA § 14706.

### Count I – Claim Under 49 USCA § 14706 (Carmack Amendment)

17. Plaintiff restates and realleges each and every allegation of Paragraphs 1 through 16 as fully set forth herein.

18. Defendant Iowa Express issued a bill of lading to Metal Management under 49 USCA § 14706, commonly known as the Carmack Amendment (Attached herein as Exhibit B).

19. Defendant Iowa Express was both the receiving carrier and the delivering carrier as defined in 49 USCA § 14706.

20. As such, Defendant Iowa Express is liable to Plaintiff for its full actual damages as a motor carrier under 49 USCA § 14706.

21. As a result of Defendant Iowa Express' conduct and actions, Defendant is liable for Plaintiff's actual damages in the amount of $130,456.94, together with interest thereon from the date that the above shipment was scheduled to be delivered. WHEREFORE, Plaintiff Metal Management Midwest, Inc., prays for judgment against Iowa Express, Inc., in the amount of $130,456.94, plus interest.

### Count II – Claim Under 49 USCA § 14704

22. Plaintiff restates and realleges each and every allegation of Paragraphs 1 through 21 as fully set forth herein.

23. Defendant Iowa Express' failure to deliver the above referenced shipment in good order and condition constitutes a violation of 49 USCA § 14706, commonly known as the Carmack Amendment.

24. On July 3, 2007, Plaintiff notified Iowa Express of this loss, via certified mail, and at that time asked Defendant Iowa Express for reimbursement for this shipment, as required under 49 CFR § 1035 (Attached herein as Exhibit C).

25. Since that time, Defendant Iowa Express has failed to make payment to Plaintiff for this shipment, in violation of 49 CFR § 370.9.

26. Further, Defendant Iowa Express has failed to even acknowledge any of Plaintiff's claims, in violation of 49 CFR § 370.9.

27. Pursuant to the Interstate Commerce Act, Defendant Iowa Express is liable for damages sustained by Metal Management that is a result of an act or omission of Iowa Express under 49 USCA § 14704(a)(2).

28. As a result of Defendant Iowa Express' breach of the contract for carriage under 49 USCA § 14706 and Defendant's violations of the federal claim regulations under 49 CFR § 370, the Defendant is liable under 49 USCA § 14704(a)(2), for Plaintiff's actual damages in the amount of $130,456.94, together with interest thereon from the date that each shipment was delivered or scheduled to be delivered.

29. As a result of Defendant Iowa Express breach of the contract for carriage under 49 USCA § 14706 and Defendant's violations of the federal claim regulations at 49 CFR § 370, as outlined above, Plaintiff is entitled to an award of reasonable attorney's fees under 49 USCA § 14704(e).

WHEREFORE, Plaintiff Metal Management Midwest, Inc., prays for judgment against Iowa Express, Inc., in the amount of $130,456.94, plus interest and reasonable attorney's fees.

Respectfully submitted,

s/ Mark A. LaRose
Attorney for Plaintiff

Mark A. LaRose
Justin E. Burtnett
LAROSE & BOSCO, LTD
200 North LaSalle Street, Suite 2810
Chicago, Illinois 60601
(312) 642-4414

05/23/2007 13:42 FAX  
MAY-10-2007 10:40

Case 1:08-cv-01676   Document 1-2   Filed 03/21/2008   Page 1 of 1

08CV1676        EDA
JUDGE MORAN
MAGISTRATE JUDGE VALDEZ

☑011/022
P.02

**Metal Management, Midwest, Inc.**
2425 S Wood Street
Chicago, IL 60625

Invoice Number

# INVOICE

| Name | Warrengton Copper | | Date | 04/24/07 |
|---|---|---|---|---|
| Address | 1710 Daniel Boone Pkwy | | P.O. | |
| City | Warrengto  State MO  Zip 63383 | | BK | |
| Attn: | | | FOB | |

| Qty | | Description | Unit Price | Total |
|---|---|---|---|---|
| 18,328 | T/P 197 | | $3.0450 | $55,808.76 |
| 2,308 | T/P 194 | | $3.0450 | $7,027.86 |
| 22,207 | TKFC | | $3.0450 | $67,620.32 |

WIRE TRANSFER INSTRUCTIONS

LaSalle National Bank
135 S. LaSalle Street
Chicago, Illinois 60674
C/O Metal Management Inc.
A/C # 5800140260
ABA # 071000505

Shipping Charge

Total Due  $130,456.94



EXHIBIT A
TO COMPLAINT

08CV1676 EDA
Case 1:08-cv-01676 Document 1-3 Filed 03/21/2008 Page 1 of 1
JUDGE MORAN
MAGISTRATE JUDGE VALDEZ
05/23/2007 13:40 FAX ☐006/022
MAY-10-2007 10:40 P.04

# STRAIGHT BILL OF LADING - SHORT FORM - ORIGINAL - Not Negotiable

MTLM - WOOD STREET

Ticket # TIAUZ3

SHIPMENT #: TIAUZ3

CARRIER'S NO.

At: CHICAGO, IL
Date: 04/24/07
Consigned To: WARRENTON COPPER (WARRENTON)
WARRENTON COPPER (WARRENTON)
Destination: 1710 DANIEL BOONE PKWY
WARRENTON, MO 63383

From: MTLM - WOOD STREET
2425 S. WOOD STREET
CHICAGO, IL 60608

Route
Delivering Carrier: IOWA EXPRESS
Car Initials: TK    Car No. 747

MIXED LOADS

GROSS 76800
TARE 32880
NET 43920
ADJ 0
SHIP 43920

SHIPMENT # TIAUZ3
OUR ORDER # 2094-00 MAT'L REQ# - 2094-00
APPOINT# 2551
CUST PO # 2551
SEAL # 03550
CONTAINER 747

FOR THIS DELIVERY PLEASE REFERENCE SHIPMENT# TIAUZ3

(Commodities being transported for Remelting Purposes ONLY.
All applicable tariffs pertaining to recycling materials apply.)

PROTECT LOWEST THRU-RATE — LOADED TO FULL VISIBLE CAPACITY

Shipper Per
Agent Per

* MARK WITH "X" TO DESIGNATE HAZARDOUS MATERIAL AS DEFINED IN TITLE 49 OF FEDERAL REGULATIONS.

EXHIBIT B
TO COMPLAINT

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Irving*   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery<br>Samueg Arciga    7-7 |
| 1. Article Addressed to:<br>Iowa Express, Inc.<br>ATTN: ESAD<br>2812 78th St.<br>Dubuque, IA<br>50322 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 1160 0005 4208 8491 |
| PS Form 3811, February 2004 | Domestic Return Receipt    102595-02-M-1540 |

```
08CV1676                    EDA
JUDGE MORAN
MAGISTRATE JUDGE VALDEZ
```

UNITED STATES POSTAL SERVICES IA 50B
09 JUL 2007 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**LaRose & Bosco**
**200 N. LaSalle Street, Suite 2810**
**Chicago, IL 60601**



EXHIBIT
C
TO COMPLAINT

THE LAW OFFICES OF

# LaRose & Bosco, Ltd.

| | | |
|---|---|---|
| Mark A. LaRose* | | 200 N. LaSalle Street |
| Joseph A. Bosco* | | Suite 2810 |
| Clarissa C. Grayson* | | Chicago, IL 60601 |
| David Koppelman | | (312) 642-4414 |
| Justin E. Burtnett | | FAX (312) 642-0434 |
| | | www.laroseandbosco.com |
| Of Counsel | July 3, 2007 | 135 S. Whittaker |
| Hon. Anthony J. Bosco (Ret.) | | New Buffalo, MI 49117 |
| Joseph G. Alioto** | | (269) 469-8440 |
| *Admitted in Michigan Also | | FAX (269) 469-8442 |
| **Admitted in Wisconsin Only | | |

***Via Certified Mail to All Parties - Return Receipt Requested***

**Iowa Express, Inc.**
**Attn: Esad**
**2812 78th Street**
**Dubuque, IA 50322**

**Richard Howe**
**Howe Cunningham & Lowe**
**2824 104th Street**
**Dubuque, IA 50322**

**Cottingham & Butler, Inc.**
**300 Security Building, PO Box 28**
**Dubuque, IA 50322**

**Canal Insurance Company**
**P.O. Box 7**
**Greenville, SC 29602**

**Century Insurance Group**
**465 Cleveland Avenue**
**Westerville, OH 43082**

**Transcore c/o**
**Registry Monitoring Insurance**
**28001 Dorothy Drive, 2nd Floor**
**Agoura Hills, CA 91301**

Re:                  *Metal Management, Inc. Cargo Loss*
DOL:                 4/24/07
Your Insured:        Iowa Trucking, Inc.
Amount Claimed:      $130,456.94
Iowa Express Policy No.: CCP420265

Dear Sir/Madam:

  I represent Metal Management, Inc., in the above captioned matter. At this time, Metal Management is making a claim for $130,456.94 for cargo that has been declared missing, and for which your insured was responsible. This claim is being made under the Carmack Amendment (49 USCA § 14706), as Iowa Trucking, Inc. was the named cargo carrier on the Bill of Lading (attached herein with supporting documents as Exhibit A).

  On April 24, 2007, this load was picked up by an Iowa Express representative at Metal Management, Inc.'s scrapyard located at 2425 S. Wood Street, for transportation

to Warrenton Copper located in Warrenton, Missouri. The pick-up was brokered by MGI Freight Solutions. This load was valued at $130,456.94 (as shown by an invoice attached herein as Exhibit B). The following day, the load was reported as stolen.

     As shown on the attached Certificate of Liability Insurance, Iowa Trucking, Inc., held, at the time of the incident, cargo insurance (policy number CCP420265) in the amount of $100,000 (Certificate of Insurance, attached herein as Exhibit C). As such, the purpose of this letter is to tender this matter to Iowa Express, Inc.'s insurance carriers for payment within twenty-one days of the date of this letter. At this time, we have made a similar tender to MGI Freight, the broker in this matter. I look forward to your response.

                                            Very truly yours,

                                            Justin E. Burtnett

encl

STRAIGHT BILL OF LADING - SHORT FORM - ORIGINAL - Not Negotiable

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading,

the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the bill of lading terms and conditions in the governing classification on the date of shipment.

Shipper hereby certifies that he is familiar with all the bill of lading terms and conditions in the governing classification and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

MTLM - WOOD STREET

SHIPMENT #
TIAUZ3

Ticket # TIAUZ3

CARRIER'S NO.

| At | CHICAGO, IL | Date | 04/24/07 | From | MTLM - WOOD STREET |
|---|---|---|---|---|---|
| Consigned To | WARRENTON COPPER (WARRENTON) WARRENTON COPPER (WARRENTON) | | | | 2425 S. WOOD STREET CHICAGO, IL 60608 |
| Destination | 1710 DANIEL BOONE PKWY WARRENTON, MO 63383 | | | | |

Route
Delivering Carrier    IOWA EXPRESS

Delivery Address
(To be filled in only when shipper desires and governmental tariffs provide for delivery thereof.)

Car Initials TK      Car No. 747

MIXED LOADS

| GROSS | 76800 |
| TARE  | 32880 |
| NET   | 43920 |
| ADJ   | 0 |
| SHIP  | 43920 |

SHIPMENT # TIAUZ3
OUR ORDER #    2094-00   MAT'L REQ# -   2094-00
APPOINT#    2551
CUST PO #   2551
SEAL #      03550
CONTAINER   747

Subject to Section 7 of conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

(Signature of consignor.)
If charges are to be prepaid, write or stamp here, "To be prepaid".

Rec'd $
to apply in prepayment of the charges on the property described hereon.

Agent or Cashier

Per
(The signature here acknowledges only the amount prepaid.)

Charges advanced:
$

FOR THIS DELIVERY PLEASE REFERENCE SHIPMENT# TIAUZ3

(Commodities being transported for Remelting Purposes ONLY.
All applicable tariffs pertaining to recycling materials apply.)

PROTECT LOWEST THRU-RATE — LOADED TO FULL VISIBLE CAPACITY

Shipper                                            Agent
Per                                                Per

* MARK WITH "X" TO DESIGNATE HAZARDOUS MATERIAL AS DEFINED IN TITLE 49 OF FEDERAL REGULATIONS.

A

```
                    P A C K I N G   S L I P       METAL MANAGEMENT MIDWEST, INC.
                                                      Phone: 773-254-1200
SOLD TO: WARR02                SHIP TO:               SHIPPED FROM:
WARRENTON COPPER (WARRENTON)   WARRENTON COPPER (WARRENTON)   MTLM - WOOD STREET
1710 DANIEL BOONE PKWY         1710 DANIEL BOONE PKWY         2425 S. WOOD STREET
WARRENTON        MO  63383     WARRENTON        MO  63383     CHICAGO         IL  60608

SO #       2094 00    MR #       2094 00    TICKET # T1AUZ3
VEH: T TK  T1AUZ3     ID# GREEN                       SHP DT 04/24/07
```

| MATERIAL DESCRIPTION | | SEQ | TAG # | SCALE WT | TARE WT | DESCRIPTION | MAT'L WT |
|---|---|---|---|---|---|---|---|
| C3570 | T/P 194 | 01 | 397486 | 2418 | 110 | G/L BOX | 2308 |
| C3590 | T/P 197 | 01 | 397901 | 1744 | 72 | G/L BOX | 1672 |
| C3590 | T/P 197 | 02 | 397889 | 4416 | 78 | G/L BOX | 4338 |
| C3590 | T/P 197 | 03 | 397457 | 3170 | 96 | G/L BOX | 3074 |
| C3590 | T/P 197 | 04 | 397460 | 3628 | 71 | G/L BOX | 3557 |
| C3590 | T/P 197 | 05 | 397462 | 2984 | 75 | G/L BOX | 2909 |
| C3590 | T/P 197 | 06 | 397469 | 2862 | 84 | G/L BOX | 2778 |
| C3620 | TKFC | 01 | 397897 | 4280 | 96 | G/L BOX | 4184 |
| C3620 | TKFC | 02 | 395451 | 4458 | 78 | G/L BOX | 4380 |
| C3620 | TKFC | 03 | 397464 | 4342 | 75 | G/L BOX | 4267 |
| C3620 | TKFC | 04 | 395492 | 4540 | 100 | G/L BOX | 4440 |
| C3620 | TKFC | 05 | 397836 | 5024 | 88 | G/L BOX | 4936 |
| TOTALS | | | | 43866 | | | 42843 |

METAL MANAGEMENT MIDWEST, INC.

```
SUMMARY BY MATERIAL
                            TICKET#: TIAUZ3
SHIP # MATERIAL DESCRIPTION
-----------------------------------------------------------------
                                      SCALE WT    TARE WT   MAT'L WT
                                      -----------------------------------
078627  C3570    194 PL
078628  C3590    COPPER 197             2418        110       2308      LB
078629  C3620    TKFC                  18804        476      18328      LB
                                      -----------------------------------
                                       22644        437      22207      LB
TOTALS

TOTAL FREIGHT FOR LOAD                 43866       1023      42843

                                                                        .00
```

APR-26-2007 08:26                                                                                             P.06
APR-23-2007 15:38

**MGI Freight Solutions, Inc.**                    *** Load Confirmation ***
8207 Edison Avenue, Ste 110                           Load #0013406                                   Page    1
Chesterfield, MO 63005
(636) 532-4501
(636) 532-4459 Fax

| | | | | | |
|---|---|---|---|---|---|
| Carrier: | Iowa Express Inc. | | | Contact: | John |
| | Urbandale    IA    50322 | | | Phone: | 515-473-5927 |
| Date: | 04/23/2007 | | | Fax: | 515-473-5900 |

U30-378-0204

| | | | | |
|---|---|---|---|---|
| MGI Load # | Load: 0013406 | TR! 747 | Commodity: | Copper Baled |
| | Driver RICK | | Weight: | |
| | Tractor 727 | TL: 284571 | Trailer: | Van |
| | Trailer # 727-A | | Reference: | |

| | | | | | |
|---|---|---|---|---|---|
| PU 1 | CHICAGO | IL | 60608 | Date: | 04/24/2007 0700 |
| | | | | Date: | 04/24/2007 1400 |
| | | | | Driver Load: | N |
| | | | | Weight | Pieces |

| | | | | | |
|---|---|---|---|---|---|
| SO 2 | WARRENTON | MO | 63383 | Date: | 04/25/2007 0700 |
| | | | | Date: | 04/25/2007 1400 |
| | | | | Driver Load: | N |
| | | | | Weight | Pieces |
| | Reference number: | | DL    3499 | | |

| | | |
|---|---|---|
| Payment | Carrier Freight Pay: | $450.00 |
| | Total Carrier Pay: | $450.00 |

**Comments:**
I need a better copy of your insurance. If you can call your insurance company and tell them to fax me a copy I'd appreciate it.

| | |
|---|---|
| Agreement | Please sign and fax back to    Brad Kinsey x180 |
| | [signature]    4-23-07 |

### IF LOAD IS DOUBLE BROKERED AGREEMENT IS NULL & VOID

*** FAILURE TO DO ANY OF THE FOLLOWING WILL RESULT IN A $50.00 FINE ***
* Driver Must report any overages, shortages of damaged product immediately.
******MGI MUST BE NOTIFIED WITH ANY DELAYS OF ON TIME PICK UP OR DELIVERY!!!!!!!
*Rate agreement must be signed and faxed back to (636) 532-4459 before payment is made.
SUBMIT "ORIGINAL" B.O.L. AND FREIGHT BILL TO:

To insure prompt payment, all billing must be accompanied by an invoice with Carrier Name and MGI Load Number
******WE ALSO HAVE A "QUICK PAY PROGRAM" AVAILABLE!
CALL AND ASK FOR THE QUICK PAY DEPARTMENT TO GET SET UP!!!******

TOTAL P.01

05/23/2007 13:41 FAX                                                                                     ☒010/022
MAY-10-2007 10:40                                                                                         P.07

WEIGHMASTER CERTIFICATE
TRUCK SCALE



# METAL MANAGEMENT MIDWEST, INC.
Phone: 773-254-1200

TICKET #: TIAUZ3
Sold To: WARR02           SHIP DT: 04/24/07
WARRENTON COPPER (WARRENTON)
1710 DANIEL BOONE PKWY                           MTLM - WOOD STREET
WARRENTON, MO  63383                             2425 S. WOOD STREET
                                                 CHICAGO, IL  60608

Veh # YK   TIAUZ3   ID # GREEN      Order #    2094 Ln 00    Mat Req #    2094 Ln 00 Shipper PO 2551

TIAUZ3 MIXED LOADS       76600a 32680a 43920        0                           43920

ALL WEIGHTS ARE REPORTED IN POUNDS UNLESS OTHERWISE INDICATED. ALL NON-POUND WEIGHTS ARE ASSUMED TO BE MANUAL WEIGHTS

TICKET COMMENT: 3706931

WEIGHMASTER SIGNATURE                                          | GRS Date 04/24/07  | GROSS TONS
                                                               | GRS Time 10:18     |  19.6071
CUSTOMER SIGNATURE                                             | TRE Date 04/24/07  |
                                                               | TRE Time 09:16     |
a=SCALE 1   b=SCALE 2   c=SCALE 3   d=SCALE 4   m=MANUAL WEIGHT

File Copy

I understand it is unlawful to release Freon and other chlorofluorocarbons and hydrochlorofluorocarbons (collectedly "CFC's") into the atmosphere and that any CFC's must be properly removed before appliances or motor vehicle air conditioners can be recycled. I verify that either (check one:)

☐ (1) all CFC's previously leaked from this container, or
☐ (2) all CFC's were properly recovered in accordance with 40 C.F.R. Section 82.156(g) and (h) by:

Yo entiendo que es contra la ley libertar Freon y otros chlorofluorocarbones y hydrochlorocarbones (legalmente llamados CFC's) en el aire y que todos los CFC's tienen que estar removidos appropiadamente antes de que los aparatos o aire acondicionados de los carros puedan ser reciclados. Yo verifique que (cheque uno:)

☐ (1) todos los CFC's han sido previamente evacuados de este contenedor, o
☐ (2) todos los CFC's fueron recuperados en forma appropiada de acuerdo con 40 C.F.R. Section 82.156 (g) y (h) por:

Name/Nombre: _____
Address/Direccion: _____
Date/Fecha: _____

Signed/Firma: _____
Printed Name:/Nombre: _____
Address of Seller/ Direccion del vendedor: _____
Type and # of Appliances/Motor Vehicle Air Conditioners recovered
Tipo y # Apartos/Airess acondicionados de carros Recuperado

Date/Fecha

# MGI Freight Solutions, Inc.
## Broker Carrier Agreement

This agreement made and entered into this 23 day of 4 200 7, by and between JOHN SIMS hereinafter referred to as carrier, and MGI Freight Solutions, Inc. a MO Corporation, an ICC licensed property broker.

WHEREAS, Carrier is a motor contract carrier of general commodities in interstate commerce pursuant to authority issued by the Interstate Commerce Commission under docket MC-273463 and carrier desires to transport such commodities under that authority, and

Whereas, MGI Freight Solutions, Inc. is a property broker holding a license from the Interstate Commerce Commission under docket MC-464169-, and desires to solicit and arrange for the movement of freight pursuant to such license, and

Whereas MGI Freight Solution, Inc. and carrier desire to enter into an Agreement to carry out the foregoing, and in consideration of the mutual covenants and agreements contained herein and attached hereto, the parties mutually agree as follows:

(1) OBLIGATIONS OF BOTH PARTIES

MGI agrees to offer for shipment and Carrier agrees to transport by motor vehicle from and to such points between which service may be required, such quantities of authorized commodities as MGI may require, subject to the availability of suitable equipment.
MGI agrees to act on behalf of Carrier in soliciting freight for carrier to transport and that it will make all necessary arrangements for the movement of such freight on the motor vehicles operated by Carrier. MGI agrees and understands that any expenses it incurs in performing this service shall be borne by it, except that any unusual or special requirements, of Carrier that may require expenditures by MGI shall result in reimbursement by Carrier within the time frame set out in Paragraphing 2.

(2) CONSIDERATIONS FOR SERVICE AND PAYMENT PERIOD

In consideration of MGI soliciting and arranging for the movement of freight by Carrier, MGI will collect freight charges for the transportation service from the shipper or consignee on all freight so arranged. Carrier and MGI shall be as agreed to as described in paragraph 4 herein.
Carrier agrees that under no circumstance is carrier to invoice MGI clients directly. MGI agrees to pay Carrier for shipments arranged herein and charged according to paragraph within 30 days of receipt by MGI of Carriers invoice and proof of delivery.

(3) CARGO INSURANCE OBLIGATION OF CARRIER

Carrier agrees to maintain cargo insurance in an amount no less than $100,000 in order to compensate shipper, consignee or the beneficial owner of the shipment for any loss or damage thereto while the responsibility of Carrier, in accordance with paragraph with paragraph 6 herein. Carrier shall cause its insurance broker or carrier to forward expeditiously a certificate of insurance to MGI with a stipulation that MGI shall receive no less than 30 days notice of cancellation of the coverage.

(4) SERVICE RATES AND CHARGES

Carrier shall provide MGI with a copy of its ICC permit. Carrier agrees that whether or not Carrier is authorized to operate a common carrier under ICC authority, or does otherwise so operate all shipments tendered to carrier by MGI from the effective date of this Agreement will be considered as contract carrier operations under such agreement, and subject only to the regulations and the requirements of such operations.                                    Rates and charges for traffic moved under this Agreement shall be as agreed to between the parties hereto in writing and contained in a rate schedule or memorandum rates and charges prepared and issued by Carrier and specifically acknowledged. This schedule shall also contain the conditions of and changes for any additions or accessorial services which may be required or performed. Rates may be established or amended verbally in order to meet specific shipping schedules, as mutually agreed, but such verbal agreement shall be reduced to writing within ten (10) working days of the movement of the involved freight.

(12) UNAVOIDABLE FAILURE TO PERFORM

Neither party hereto will be liable for the failure to tender or timely transport freight under this Agreement if such failure, delay or other omission is caused by strikes, acts of God, accidents, disorder, or through compliance with legally constituted order of civil or military authorities.

(13) DURATION AND CANCELLATION OF AGREEMENT

This agreement is to become effective as of the date shown above and shall remain in effect for the period of one (1) year from such date, and from year to year thereafter, subject to the right of either party hereto to cancel or terminate the Agreement at any time upon not less than thirty (30) days written notice of one party to the other. Such cancellation shall be sent certified mail, return requested, to the last know address of the other party. The 30 days shall run from the postmark date of the notice.

(14) APPLICABLE STATE LAW

This Agreement shall be governed by and interpreted in accordance with the laws of the state of Missouri. In Witness Whereof, the parties hereto have executed this Agreement on the above date and same shall be binding upon both parties and shall remain in force and effect unless canceled according to the terms of the Agreement.

CARRIER: _John E/ph/_
BY: _John Wasibek_
TYPED NAME: _John Wasibek_
TITLE: _OP/Manager_
WITNESS: _Frank Bhaski_

BROKER: MGI Freight Solutions
BY: _[signature]_
TYPED NAME: Mark Goldberg
TITLE: President
WITNESS: _[signature]_

3

**Metal Management, Midwest, Inc.**
2425 S Wood Street
Chicago, IL 60625

Invoice Number

# INVOICE

| Name | Warrengton Copper | | | Date | 04/24/07 |
|---|---|---|---|---|---|
| Address | 1710 Daniel Boone Pkwy | | | P.O. | |
| City | Warrengto | State MO | Zip 63383 | BK | |
| Attn: | | | | FOB | |

| Qty | Description | | Unit Price | Total |
|---|---|---|---|---|
| 18,328 | T/P 197 | | $3.0450 | $55,808.76 |
| 2,308 | T/P 194 | | $3.0450 | $7,027.86 |
| 22,207 | TKFC | | $3.0450 | $67,620.32 |

**WIRE TRANSFER INSTRUCTIONS**

LaSalle National Bank
135 S. LaSalle Street
Chicago, Illinois 60674
C/O Metal Management Inc.
A/C # 5800140280
ABA # 071000505

Shipping Charge

Total Due  $130,456.94



B

From: Ashley Moore  At: Cottingham & Butler  Fax ID;  To: TransCore                            Date: 2/21/2007  04:41 PM  Page: 2 of 3

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

OP ID AY  
IOWEXP1  

DATE (MM/DD/YYYY): 02/21/07

**PRODUCER**  
Cottingham & Butler, Inc.  
300 SECURITY BUILDING PO BX 28  
DUBUQUE IA 52001  
Phone: 563-587-5000  Fax: 563-583-7339

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURED**  
Iowa Express Inc  
2812 78th Street  
Urbandale IA 50322

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: Canal Group | 10464 |
| INSURER B: Century Surety Company | 36951 |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | ☐ CLAIMS MADE  ☐ OCCUR | | | | MED EXP (Any one person) | $ |
| | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | GENERAL AGGREGATE | $ |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY  ☐ PROJECT  ☐ LOC | | | | PRODUCTS - COMP/OP AGG | $ |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | ☐ ANY AUTO | | | | | |
| | | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| A | | ☒ SCHEDULED AUTOS | 469807 | 05/18/06 | 05/18/07 | | |
| | | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ☐ ANY AUTO | | | | OTHER THAN  EA ACC | $ |
| | | | | | | AUTO ONLY  AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR  ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION  $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | WC STATU- TORY LIMITS / OTH- ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | **OTHER** | | | | | |
| A | | Cargo | CCP420265 | 05/18/06 | 05/18/07 | Limit | 100,000 |
| | | reefer brkdwn | 2,000 DED | | | Deduct | 1,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**  
*Except for non-payment of premium.

fax 818-933-6343

**CERTIFICATE HOLDER**  
TRCOCA5  
TransCore c/o  
Registry Monitoring Insurance Services  
28001 Dorothy Drive, 2nd Floor  
Agoura Hills CA 91301

**CANCELLATION**  
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30*__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE  
[signature]

ACORD 25 (2001/08)

2/21/2007 3:44:50 PM-orchid-Iowa Express Inc.

158369

C