IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| METAL MANAGEMENT MIDWEST, INC., an Illinois Corporation, ) ) ) | |
| Plaintiff, ) | No. 08 CV 1676 |
| ) | |
| v. ) | Judge Moran |
| ) | |
| IOWA EXPRESS, INC., an Iowa Corporation, ) ) | Magistrate Judge Valdez |
| ) | |
| Defendant. ) | |

### IOWA EXPRESS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, IOWA EXPRESS, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

#### Jurisdictional Statement

1. Plaintiff, Metal Management Midwest, Inc. (hereinafter "Metal Management"), is an Illinois corporation, incorporated under the laws of the State of Illinois, with a principal place of business located at 2425 South Wood Street; Chicago, Illinois.

**ANSWER:** Defendant Iowa Express, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment.

2. Defendant, Iowa Express, Inc. (hereinafter "Iowa Express"), is an Iowa corporation, incorporated under the laws of the State of Iowa, with a principal place of business located at 2812 78th Street; Urbandale, Iowa.

**ANSWER:** Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint at Law.

3.  The matter in controversy in this lawsuit exceeds $75,000, excluding interest and costs.

**ANSWER:** Defendant Iowa Express, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment.

4.  There is complete diversity of citizenship between the parties.

**ANSWER:** Defendant Iowa Express, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment.

5.  Diversity Jurisdiction is proper under 28 USC § 1332.

**ANSWER:** Defendant Iowa Express, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment.

6.  In the alternative, the Plaintiff is bringing this lawsuit under 49 USC § 14706, commonly known as the Carmack Amendment. Under the Carmack Amendment, this court has Federal Question Jurisdiction over this matter under 28 USC § 1331.

**ANSWER:** Paragraph 6 of Plaintiff's Complaint states a legal conclusion to which no response is required.

7.  In the alternative, this court has Subject Matter Jurisdiction over this matter pursuant to 28 USCA § 1337, as this action involves the liability of a motor carrier under 49 USCA § 14706 and the amount in controversy exceeds $10,000, exclusive of interest and costs.

**ANSWER:** Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required.

## Venue

8.  Venue is proper under 28 USC § 1391(b)(2) and (c) with regard to Defendant as Plaintiff's claim arises out of a disappearance of a load of copper which was physically located

and picked up at 2425 South Wood Street; Chicago, Illinois. Additionally, venue is proper as Plaintiff's claim arises out of a loss suffered by Plaintiff that occurred in the Northern District of Illinois.

**ANSWER**: Defendant, Iowa Express, Inc. denies that it picked up the load of copper physically located at 2425 South Wood Street, Chicago, Illinois referenced in the venue paragraph. Further answering, Defendant Iowa Express, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

### Statement of Facts

9.   Defendant, Iowa Express is a motor carrier engaged in interstate commerce, authorized by the Federal Motor Carrier Safety Administration (hereinafter "FMCSA") to transport property throughout the 48 continuous United States.

**ANSWER**: Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint at Law.

10.   On or about April 24, 2007, Defendant Iowa Express was to transport multiple shipments on behalf of the Plaintiff.

**ANSWER**: Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint at Law.

11.   One of the shipments to be delivered by Iowa Express was a mixed load of copper with a shipment weight of 43,920 lbs, which was to be delivered to Warrenton Copper, in Warrenton, Missouri on April 25, 2007 and which had a total purchase price and value of $130,456.94 (Please see Exhibit A, "Invoice").

**ANSWER**: Defendant denies that it was to deliver the mixed load of copper with a shipment weight of 43,920 lbs. to Warrenton Copper, in Warrenton, Missouri described in paragraph 11 of

Plaintiff's Complaint at Law. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding the purchase price and value of the mixed load of copper. Further answering, this defendant denies each and every remaining allegation contained in paragraph 11 of Plaintiff's Complaint at Law.

12. This shipment was referenced as Shipment Number TIAUZ3 on the relevant Bill of Lading, between "MTML" (Metal Management) and Iowa Express, which was signed by agents of both Iowa Express and Metal Management.

**ANSWER:** Defendant denies that any agent, employee or representative of Iowa Express, Inc. signed the Bill of Lading for Shipment Number TIAUZ3 or that it entered into an agreement with the Plaintiff for the delivery of materials as described in Plaintiff's Complaint at Law. Further answering, Defendant denies each and every remaining allegation contained in paragraph 12 of Plaintiff's Complaint at Law.

14. This shipment was tendered to Defendant Iowa Express in good order and condition.

**ANSWER:** Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint at Law.

15. Defendant Iowa Express failed to deliver the shipment at issue, in breach of the contract in carriage for the shipment.

**ANSWER:** Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint at Law.

16. As a result of the Defendant Iowa Express' breach of the carriage contract, Plaintiff sustained actual damages in the amount of $130,456.94. Defendant Iowa Express is liable to Plaintiff for its full actual damages as a motor carrier under 49 USCA § 14706.

**ANSWER:** Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint at Law.

### Count I – Claim Under 49 USCA § 14706 (Carmack Amendment)

17. Plaintiff restates and realleges each and every allegation of Paragraphs 1 through 16 as fully set forth herein.

**ANSWER:** Defendant restates and realleges its answers to paragraphs 1 through 16 of Plaintiff's Complaint at Law as though fully set forth herein.

18. Defendant Iowa Express issued a bill of lading to Metal Management under 49 USCA § 14706, commonly known as the Carmack Amendment (Attached herein as Exhibit B).

**ANSWER:** Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint at Law.

19. Defendant Iowa Express was both the receiving carrier and the delivering carrier as defined in 49 USCA. § 14706.

**ANSWER:** Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint at Law.

20. As such, Defendant Iowa Express is liable to Plaintiff for its full actual damages as a motor carrier under 49 USCA § 14706.

**ANSWER:** Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint at Law.

21. As a result of Defendant Iowa Express' conduct and actions, Defendant is liable for Plaintiff's actual damages in the amount of $130,456.94, together with interest thereon from the date that the above shipment was scheduled to be delivered.

**ANSWER**:   Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint at Law.

### Count II – Claim Under 49 USCA § 14704

22.   Plaintiff restates and realleges each and every allegation of Paragraphs 1 through 21 as fully set forth herein,

**ANSWER**:   Defendant restates and realleges its answers to paragraphs 1 through 21 of Plaintiff's Complaint at Law as though fully set forth herein.

23.   Defendant Iowa Express' failure to deliver the above referenced shipment in good order and condition constitutes a violation of 49 USCA § 14706, commonly known as the Carmack Amendment.

**ANSWER**:   Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint at Law.

24.   On July 3, 2007, Plaintiff notified Iowa Express of this loss, via certified mail, and at that time asked Defendant Iowa Express for reimbursement for this shipment, as required under 49 CFR § 1035.

**ANSWER**:   Defendant admits only that Plaintiff has attached a letter address to Iowa Express, Inc. and others as Exhibit C to its Complaint at Law and that said letter and return Certified Mail Receipt list Defendant Iowa Express, Inc.'s address as 2812 78th Street, Dubuque, IA 50322. Defendant Iowa Express, Inc. is located in Urbandale, Iowa; therefore, the letter was not sent to Defendant's correct address.   Further answering, Defendant Iowa Express, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 24 of Plaintiff's Complaint at Law.

25.   Since that time, Defendant Iowa Express has failed to make payment to Plaintiff for this shipment, in violation of 49 CFR § 370.9.

**ANSWER**:   Defendant admits only that it is has not made payment to the Plaintiff, but denies that it had any duty to make said payment and denies any and all liability for all losses sustained by the Plaintiff related to the shipment that is the subject of Plaintiff's Complaint at Law. Further answering, Defendant denies each and every remaining allegation of paragraph 25 of Plaintiff's Complaint at Law.

26.   Further, Defendant Iowa Express has failed to even acknowledge any of Plaintiff's claims, in violation of 49 CFR § 370.9.

**ANSWER**:   Defendant Iowa Express, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment.

27.   Pursuant to the Interstate Commerce Act, Defendant Iowa Express is liable for damages sustained by Metal Management that is a result of an act or omission of Iowa Express under 49 USCA § 14704(a)(2).

**ANSWER**:   Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint at Law.

28.   As a result of Defendant Iowa Express' breach of the contract for carriage under 49 USCA § 14706 and Defendant's violations of the federal claim regulations under 49 CFR § 370, the Defendant is liable under 49 USCA § 14704(a)(2), for Plaintiffs actual damages in the amount of $130,456.94, together with interest thereon from the date that each shipment was delivered or scheduled to be delivered.

**ANSWER**:   Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint at Law.

29.     As a result of Defendant Iowa Express breach of the contract for carriage under 49 USCA § 14706 and Defendant's violations of the federal claim regulations at 49 CFR § 370, as outlined above, Plaintiff is entitled to an award of reasonable attorney's fees under 49 USCA § 14704(e).

**ANSWER:**   Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint at Law.

WHEREFORE, the Defendant, IOWA EXPRESS, INC. denies that the Plaintiff is entitled to judgment of any sum or amount, further denies Plaintiff's claim to entitlement to relief of any kind, sum, nature or amount and prays for judgment in favor of the Defendant and against the Plaintiff and for the recovery of this Defendant's costs and Attorney fees.

This Defendant demands trial by jury.

### FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, IOWA EXPRESS, INC., by counsel, JOHNSON & BELL, LTD., and pleading in the alternative without prejudice to its general denial as set forth above, for its First Affirmative Defense to Plaintiff's Complaint at Law, states as follows:

1.     The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant, IOWA EXPRESS, INC., denies that Plaintiff is entitled to the relief sought or any relief whatsoever, and Defendant demands that Plaintiff's Complaint be dismissed, with prejudice, and with Defendant's costs awarded.

### SECOND AFFIRMATIVE DEFENSE

NOW COMES the Defendant, IOWA EXPRESS, INC., by counsel, JOHNSON & BELL, LTD., and pleading in the alternative without prejudice to its general denial as set forth above, for its Second Affirmative Defense to Plaintiff's Complaint at Law, states as follows:

1. That at the time and place alleged in Plaintiff's Complaint, Plaintiff had a duty to exercise ordinary care for the protection of it property.

2. That at the time and place alleged in the Complaint, Plaintiff was then and there guilty of the following acts or omissions that caused or contributed to the loss of its property:

   a. Failed to exercise due care and caution in ascertaining the identity of the carrier to which it consigned the subject mixed load of copper;

   b. Consigned the subject mixed load of copper to an unknown individual without first ascertaining the identity of the individual;

   c. Failed to request appropriate documentation to ascertain that the individual or individuals purporting to be agents of Iowa Express, Inc. were in fact agents of the same before consigning the subject load of mixed copper to said individual or individuals;

   d. Failed to exercise due care in selecting a broker to arrange for motor carrier transportation of its property;

   e. Was otherwise guilty of other careless acts and/or omissions.

3. While the Defendant denies and continues to deny that it was liable or that any act on its part caused Plaintiff to incur damages, in the event that the fact-finder assesses the liability against this Defendant, this Defendant maintains that one or more of the foregoing acts of Plaintiff's proximately caused Plaintiff's damages and loss of its property and that any judgment rendered against this Defendant should be barred because Plaintiff's contributory fault is more than 50% of the proximate cause of the alleged loss of Plaintiff's property.

WHEREFORE, Defendant, IOWA EXPRESS, INC., denies that Plaintiff is entitled to the relief sought or any relief whatsoever, and Defendant demands that Plaintiff's Complaint be dismissed, with prejudice, and with Defendant's costs awarded.

## THIRD AFFIRMATIVE DEFENSE

NOW COMES the Defendant, IOWA EXPRESS, INC., by counsel, JOHNSON & BELL, LTD., and pleading in the alternative without prejudice to its general denial as set forth above, for its Third Affirmative Defense to Plaintiff's Complaint at Law, states as follows:

1. That an unknown individual(s) fraudulently held him or herself out as an employee and/or representative of Iowa Express, Inc.

2. That no employee or agent of Defendant Iowa Express, Inc. was present at 2425 South Wood Street, Chicago, Illinois on April 24, 2007.

3. That no employee or agent of Defendant Iowa Express, Inc. signed the Straight Bill of Lading attached to Plaintiff's Complaint at Law as Exhibit B.

4. That Defendant Iowa Express, Inc. is not responsible for the criminal acts of a third party.

WHEREFORE, Defendant, IOWA EXPRESS, INC., denies that Plaintiff is entitled to the relief sought or any relief whatsoever, and Defendant demands that Plaintiff's Complaint be dismissed, with prejudice, and with Defendant's costs awarded.

## FOURTH AFFIRMATIVE DEFENSE

NOW COMES the Defendant, IOWA EXPRESS, INC., by counsel, JOHNSON & BELL, LTD., and pleading in the alternative without prejudice to its general denial as set forth above, for its Fourth Affirmative Defense to Plaintiff's Complaint at Law, states as follows:

1. That Defendant hereby reserves any and all rights Defendant may have to raise additional Affirmative Defenses that may be developed through the course of discovery in this litigation, or by any change in the law.

WHEREFORE, Defendant, IOWA EXPRESS, INC., denies that Plaintiff is entitled to the relief sought or any relief whatsoever, and Defendant demands that Plaintiff's Complaint be dismissed, with prejudice, and with Defendant's costs awarded.

                                                          Respectfully submitted,

                                                          JOHNSON & BELL, LTD.

                                                          **s/ Cristina Mungai**
                                                          _____
                                                          One of the Attorneys for Defendant,
                                                          Iowa Express, Inc.

Rick L. Hammond – Bar Number: 000000
Cristina Mungai – Bar Number: 0000000
Attorneys for Defendant, Iowa Express, Inc.
JOHNSON & BELL, LTD.
33 West Monroe Street – Suite 2700
Chicago, IL 60603
(312) 372-0770
Facsimile: (312) 372-9818
E-mail: hammondr@jbltd.com
        mungaic@jbltd.com

### CERTIFICATE OF MAILING

The undersigned, first being duly sworn on oath, states that she has served the attached Iowa Express, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint on the attorneys of record in this cause by electronic mail and by depositing a copy of same in the U.S. Mail, properly addressed and with proper postage affixed thereto on or before the hour of 5:00 p.m. on June 11, 2008:

                                                       By: _____

SUBSCRIBED and SWORN to before me this 11th day of June, 2008.

                                                         _____
                                                          NOTARY PUBLIC

OFFICIAL SEAL
NANCY RICO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/22/10

## SERVICE LIST

Re:   Metal Management Midwest, Inc. vs. Iowa Express, Inc.
      U.S.D.C., Northern Dist. of Illinois:  Court No:  08 CV 1676
      Court No:    08 CV 1676

Mark A. LaRose
Justin E. Burtnett
LaRose & Bosco, Ltd.
200 North LaSalle Street
Suite 2810
Chicago, Illinois 60601
(312) 642-4414
E-Mail:  mlarosechicago@aol.com
**LEAD ATTORNEYS FOR PLAINTIFF**